**FILED**

SEP 2 8 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **BARBARA FISCHER,** | **05C 5594** |
| Plaintiff, | No. |
| v. | |
| **AVANADE, INC.,** | **Jury Trial Requested** |
| Defendant. | |

JUDGE HIBBLER

MAGISTRATE JUDGE NOLAN

## COMPLAINT

NOW COMES, Plaintiff, BARBARA FISCHER, by and through her attorney, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, AVANADE, INC, ("AVANADE"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violations of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. (Title VII). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, Barbara Fischer, is a female citizen of the United States who resides in Iowa.

5. Defendant, Avanade, Inc., is a corporation properly recognized and sanctioned by the State of Washington, which has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce. At all relevant times hereto, Defendant has conducted business in the State of Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

## PROCEDURE

6. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 21, 2005. The EEOC issued Plaintiff a Notice of Right to Sue for this charge on August 25, 2005. The Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - TITLE VII - SEX DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. In May 2001, Defendant hired Plaintiff as a Senior Project Manager in Defendant's Central region, with headquarters in Chicago, Illinois. Prior to obtaining this position, Plaintiff held project manager and technical positions for twelve (12) years for other employers.

9. In October 2003, Plaintiff transferred to the newly created Strategic Accounts region.

10. Plaintiff has performed to and in excess of Defendant's reasonable satisfaction throughout her employment, as evidenced by, without limitation, her project performance evaluations, and any contention to the contrary remains pretext for sex discrimination.

2

11.     During her career at Defendant from approximately October 2002 to the present, Plaintiff has been subjected to adverse terms and conditions of employment based on her sex, including but not limited to, denials of promotions, a failure to afford Plaintiff the opportunity to advance within the company, downgrading of her performance achievements, and a failure to compensate Plaintiff in a manner consistent with amounts received by similarly situated male employees.

12.     In October 2003, upon learning that the position of Delivery Manager Practice Director had become available, Plaintiff applied for the position.

13.     Defendant, through a three (3) person panel, Joe Mendel, Don Evans, and Howard Kilman, interviewed only two candidates for the position: Plaintiff and Joe Sieverding.

14.     In January of 2004, Joe Mendel, General Manager, informed Plaintiff that the Defendant would not be filling the position of Delivery Manager Practice Director at that time. Joe Mendel proceeded to inform the Plaintiff, that rather than filling the position, that he wished to assign the duties of the position, for an undetermined time, to the Plaintiff and Mr. Sieverding to share.

15.     Plaintiff's grade level was increased from a level 50 to 55 in late 2003 or early 2004, only after Plaintiff discovered that Mr. Sieverding was promoted to a level 60 and Plaintiff expressed her concern to Joe Mendel of her lower grade level when she was placed in charge of the Program Management Office.

16.     In April 2004, upon being informed by the Defendant that the position of Delivery Manager Practice Director was once again open for application, Plaintiff applied for the position.

17.     General Manager Joe Mendel, who was the only individual who interviewed candidates for the position, interviewed only two candidates: Plaintiff and Robert Lewis.

3

18. In May 2004, Defendant awarded the position of Delivery Manager Practice Director to Robert Lewis, a male employee, who had been working in Plaintiff's region for approximately three (3) months, despite Plaintiff's successful performance in the role of Practice Director for approximately eight (8) months.

19. At the same time of the selection of Robert Lewis for the position sought by Plaintiff, Joe Sieverding was awarded the position of Delivery Manager Practice Director for the Central region.

20. Upon filling the position of Delivery Manager Practice Director in May 2004, Defendant assigned Plaintiff projects usually given to employees with less experience and seniority.

21. Despite her successful performance and attempts to advance within the company, Plaintiff has remained at a level of Grade 55 since approximately January 2004.

22. Due to Defendant's practice of failing to post available positions for grades 55 and above, similarly situated male employees have assumed positions for which Plaintiff was equally or more qualified than those selected. This practice has hindered Plaintiff's ability to advance in the company from the time period of June 2004 to the present.

23. On information and belief, similarly situated male employees at the level of Grade 55 receive greater amounts of compensation than Plaintiff, when the duties of these positions do not exceed the amount of work performed by Plaintiff and the achievements of Plaintiff remain equal to or greater than these male employees.

24. From October 2002 to the present, Plaintiff's male supervisors, including Jim Brennan, Robert Lewis, and Mick Slattery, have downgraded Plaintiff's performance based on false and unfounded criticisms. These negative evaluations have further hindered Plaintiff's ability to advance within the company.

4

25. On September 22, 2004, Plaintiff submitted a development plan to Robert Lewis that specifically identified her goals during the next fiscal year. In contravention of Defendant's policy, this development plan was not placed in Plaintiff's personnel file, allowing Plaintiff's supervisors to alter her goals in a manner that reflected negatively on her performance evaluations.

26. In October 2004, Practice Director Robert Lewis assessed Plaintiff's performance in a final annual review at a "meets expectations" level, despite the periodic reviews from other supervisors indicating that Plaintiff exceeded expectations.

27. In August 2005, Mick Slattery, General Manager, negatively assessed Plaintiff's performance based on her failure to participate in an extended leadership team. Contrary to Slattery's criticism, Plaintiff was never informed that she was responsible for any duties on this leadership team, and Defendant's organizational charts did not reflect that Plaintiff was a member of this team.

28. In April 2005, Plaintiff participated in an effort to address Defendant's discriminatory practices with Mitch Hill, Chief Executive Officer. Despite the numerous concerns raised by female employees, Defendant failed to take any meaningful action to remedy these practices.

29. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of her sex, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, BARBARA FISCHER, prays for judgment against the Defendant

and respectfully request that this Court:

- A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

- B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of sex;

- C. Order Defendant to make whole BARBARA FISCHER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

- D. Grant Plaintiff actual, consequential, compensator, punitive and any other damages that the Court may deem appropriate against Defendant;

- E. Grant Plaintiff her attorney fees, costs, disbursements; and

- F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

31. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
BARBARA FISCHER, Plaintiff,

By: _____
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, IL 60603
(312) 606-0383
Attorney Code No. 06203093

**Verification**

I, Barbara Fischer, declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2005.

*Barbara L. Fischer*
Barbara Fischer

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

(Issued on request)

| To: | Barbara Fischer | From: |
| --- | --- | --- |
| | 1050 Carriage Place Dr. | Equal Employment Opportunity Commission |
| | Bettendorf, IA 52722 | Chicago District Office |
| | | 500 West Madison, Suite 2800 |
| | Certified: 7001 1940 0003 8829 3111 | Chicago, Illinois 60661 |
| | ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)) | |

| Charge Number | EEOC Representative | Telephone Number |
| --- | --- | --- |
| 210-2005-08149 | Eugene Romero, Investigator | (312) 353-7310 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

☐ More than 180 days have expired since the filing of this charge.

☒ Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

☒ With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

☐ It has been determined that the Commission will continue to investigate your charge.

☐ ADEA: While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

☐ Because EEOC is closing your case, your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

☐ EEOC is continuing its investigation. You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

☐ EPA: While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

8-25-05
(Date)

On Behalf of the Commission

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: Respondent(s)        Avanade

EEOC Form 161-B (Test 10/94)