IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Barbara Fischer, | ) | No. 05 C 5594 |
| Plaintiff, | ) ) ) | The Honorable William J. Hibbler |
| v. | ) ) ) | |
| Avanade, Inc., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Fischer filed a two-count Complaint against Avanade, Inc. on September 28, 2005. This Court granted Avanade's motion for Summary Judgment on March 30, 2007. Subsequently, Avanade filed a bill of costs with the Court seeking $4,378.81. For the reasons set forth below, Avanade is awarded $4,193.81 in costs.

### I.   Factual Background

Plaintiff Barbara Fischer filed a two-count Complaint against her former employer Avanade, Inc. alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(2) *et seq*. This Court granted Avanade's motion for Summary Judgment on March 30, 2007. As the prevailing party, Avanade is entitled to recover portions of its costs from Fischer under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). In the case at bar, Avanade seeks to recover $3,704.91 in court reporter and deposition transcript fees, $653.90 in exemplification and copy costs and $20.00 in docket fees for a total of $4,378.81.

## II. Standard of Review

Federal Rule of Civil Procedure 54(d)(1) states: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Section 1920 outlines the costs that may be recovered by the prevailing party: (1) fees for the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920. There is a presumption that the prevailing party should recover fees and that the losing party bears the burden of affirmatively showing that costs should not be awarded. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Nevertheless, the prevailing party must present enough supporting documentation to allow the Court to determine whether specific costs are reasonable and necessary. *See Glenayre Elecs., Inc. v. Jackson*, No. 02-C0256, 2003 U.S. Dist. LEXIS 14046, at *7 (N.D. Ill. Aug. 11, 2003). Finally, the award of costs to the prevailing party is a decision committed to the sound discretion of the Court. *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001) (noting that the award of costs by the district court is entitled to "virtually complete deference").

## III. Analysis

When assessing a bill of costs, the Court must first engage in a two step inquiry to ascertain: (1) whether the costs are allowed pursuant to 28 U.S.C. §1920; and (2) whether the amount is reasonable. *Manley*, 236 F.3d at 398. Here, Avanade seeks three categories of costs: (1) fees for the court reporter and accompanying transcripts; (2) fees for exemplification and copies of papers; and (3) docket fees. All three categories of

2

costs are permissible and Fischer does not argue otherwise. Rather, Fischer's objections are aimed at the specific dollar amount Avanade seeks to recover. Fischer contends that the amount sought by Avanade ($4,378.81) should be reduced by $1,309.44. The Court will now consider each of Fischer's objections in turn.

1. *Docket Fees*

Avanade's bill of costs seeks $20 in docket fees. As a usual matter, the plaintiff is responsible for paying the court's docketing fees. In this case however, Avanade is the defendant. Oddly, Avanade provided the Court with no invoices or receipts showing that they actually paid the docketing fees. In *Frahm v. The Equitable Life Assurance Soc'y of the United States,* the court was presented with a similar situation and ultimately denied recovery of the alleged docketing fees: "[i]n the usual case, plaintiffs pay docketing fees … The Court is confused as to why Defendant incurred such fees, especially in light of Defendant's failure to provide any receipts documenting the payment of such fees." *Frahm v. The Equitable Life Assurance Soc'y of the United States*, No. 93-C0081, 2000 U.S. Dist. LEXIS 10406, at *6, 2000 WL 988526 (N.D. Ill. July 18, 2000).

This Court is similarly puzzled. Avanade failed to provide the Court with receipts, invoices or any supporting documentation regarding docketing fees. Avanade contends that that no supporting information is necessary because the fees are statutorily permissible. This argument is contrary to the case law in this District. Accordingly, Avanade's request for docket fees is denied. *See Frahm*, 2000 U.S. Dist. LEXIS 5088, at *6; *Shaffer v. Combined Ins. Co. of America*, No. 02-C1774, 2004 U.S. Dist. LEXIS 4257, at *4, 2004 WL 542516 (N.D. Ill. Mar. 17, 2004) (docket fees are denied where defendant "failed to provide any support as to why docket fees were charged"); *See also*

3

*Stewart v. Austin*, No. 9:97-cv-908, 2001 U.S. Dist. LEXIS 20742, at *9, 2001 WL 1708791 (N.D.N.Y. Dec. 14, 2001)("absent any documentary proof that Defendants paid [docket fees] the Court disallows Defendants' Bill of Costs with respect to their request …").

2. *Deposition and Transcript Costs*

Avanade seeks $1,615.80 in costs for the transcripts of Barbara Fischer's deposition. Avanade ordered the transcript of Fischer's deposition on an expedited basis and at the cost of $4.40 per page. Fischer argues that: (1) the transcript should not have been ordered on an expedited basis; and (2) the maximum rate allowable for an expedited transcript is $4 per page. Avanade contends that the transcript was ordered on an expedited basis because it was needed the very next day for a deposition in a related case. Additionally, Avanade argues that the requested rate of $4.40 per page is reasonable and permissible under the Local Rules.

The Court accepts Avanade's argument that the expedited transcript was reasonably necessary. *See Canal Barge Co., v. Commonwealth Edison Co.*, No. 98-C0509, 2003 U.S. Dist. LEXIS 6643, at *5, 2003 WL 1908032 (N.D. Ill. Apr. 16, 2003) (allowing recovery for an expedited transcript where the prevailing party needed the transcript to prepare for an upcoming deposition). Fischer does not dispute that this deposition took place the very next day, nor does she dispute that the cases were related. Rather, Fischer claims that the transcript costs were not appropriately split between the two cases. This argument is not persuasive. Avanade's bill of costs seeks recovery for only 50% of its copying costs with respect to Barbara Fischer's deposition transcript. Moreover, the court reporter provided Avanade with a 15% vendor discount for the transcript and this

4

discount was factored into the bill of costs. It bears repeating - there is a strong presumption in favor of awarding reasonable costs to the prevailing party. *Beamon*, 411 F.3d at 864. The Court accepts Avanade's apportionment of the costs as reasonable.

Fischer's argument that recovery for expedited transcript should be capped at $4 per page also fails. Two recent cases in this District have reiterated that $4.40 per page is the maximum rate for expedited copies. *Gross v. Town of Cicero*, No. 03-C9465, 2007 U.S. Dist. LEXIS 4651, at *4, 2007 WL 288262 (N.D. Ill. Jan. 19, 2007) (allowing recovery at $4.40 for per page for an expedited transcript); *Nilssen v. Osram Sylvania, Inc.*, No. 01-C3585, 2007 U.S. Dist. LEXIS 5792, at *8, 2007 WL 257711 (N.D. Ill. Jan. 23, 2007) (same). The Court sees no reason to deviate from this reasoning and will grant Avanade's costs for the expedited transcript at the rate of $4.40 per page.

3. *Exhibits*

Next, Avanade's bill of costs seeks $45 for exhibits used in Barbara Fischer's deposition. But, Avanade provided no information as to the type of exhibits produced, why the exhibits were necessary, or the number of pages contained in the exhibits. Avanade's bill of costs contains only a skeletal description – "ETV – Exhibits $45." Costs associated with exhibits are only recoverable to the extent that they are an "essential aid to understanding an issue in the case." *Glenayre Elecs., Inc.*, 2003 U.S. Dist. LEXIS 14046, at *13 quoting *Rogers v. City of Chicago*, 2002 U.S. Dist. LEXIS 4431, *3 (N.D. Ill. Mar. 18, 2002). Furthermore, Section 1920 does not obligate the losing party to "pay for the victor's glitz." *Id.* Avanade has not provided the Court with enough information to determine the exhibits' necessity or reasonableness. Recovery of the $45 exhibit fee is denied. *See Buffone v. Rosebud Rests., Inc.*, 2006 U.S. Dist. LEXIS

80726, at *8-9, 2006 WL 3196931 (N.D. Ill. Oct. 31, 2006) (fees for exhibit denied where prevailing party failed to adequately identify and describe the exhibit).

4. *Court Reporter Attendance Fees*

Finally, Avanade's Bill of Costs seeks $840 in court reporter attendance fees related to Barbara Fischer's deposition. The court reporter was in attendance for a total of 12 hours and charged $70 per hour. Fischer argues, and the Court agrees that the rate of $70 per hour is excessive. Courts in this District have generally found "hourly rates of $30 to $60 per hour to be reasonable." *Menasha Corp., v. News America Mktg., In-Store, Inc.*, No. 00-C1895, 2003 U.S. Dist. LEXIS 13405, at *4, 2003 WL 21788989 (N.D. Ill. July 31, 2003) (attendance fee of $61.75 per hour is unreasonable); *Buffone*, 2006 U.S. Dist. LEXIS 80726, at *5 ($55 per hour is reasonable). Here, Avanade's request of $840 will be reduced by $120 to reflect the permissible and more reasonable rate of $60 per hour. *See Thomas v. Guardsmark, Inc.*, 2005 U.S. Dist. LEXIS 21757, No. 02-C8848, at *7, 2005 WL 2405823 (N.D. Ill. Sep. 27, 2005) ($87.50 per hour is unreasonable; attendance fee is reduced to $60 per hour).

## IV. Conclusion

For the reasons stated above, Avanade's bill of costs will be reduced by the following amount: (1) $20 for docket fees; (2) $45 for exhibits; and (3) $120 for court reporter attendance fees. Accordingly, the Court awards Avanade a total amount of $ 4,193.81.

IT IS SO ORDERED

10/31/07
Dated

Wm. J. Hibbler
The Honorable William J. Hibbler
United States District Court

7